```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE      *   MDL Docket No. 2004
                                   4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS  *
                                   Case No.
LIABILITY LITIGATION           *   4:12-cv-237 (B. FOSTER)
```

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Betty Foster was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Foster brought this product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Foster also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor seeks summary judgment on several of Foster's claims. For the reasons set forth below, Mentor's Motion for Partial Summary Judgment (ECF No. 37 in 4:12-cv-237) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of

*material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND

Viewed in the light most favorable to Foster, the record reveals the following. Foster lives in Texas, but she lived in Arkansas when she filed her Complaint. All of her medical treatment relevant to this action occurred in Arkansas.

In 2003, Foster saw her urologist, Dr. Charles Campbell, for treatment of stress urinary incontinence. Dr. Campbell implanted ObTape in Foster on January 14, 2004. During that timeframe, Dr. Campbell did not have a preferred surgical mesh, and he used mesh tapes from several different manufacturers in his practice. Campbell Dep. 22:22-23:20, ECF No. 42-4. He did not choose ObTape for Foster—he used "whatever" tape was brought to him. *Id.* at 25:1-13. Dr. Campbell does not recall reading the ObTape product information data sheet, and he does not recall speaking with a Mentor representative about ObTape.

In the years following her ObTape implant, Foster sought medical treatment for urinary and bladder symptoms from Dr. Ben Cranfill.  Foster now attributes those symptoms to ObTape.  She also attributes her dyspareunia symptoms to ObTape.  Foster's ObTape has not been removed, although she asked Dr. Cranfill if the ObTape should be removed.  After he examined her, Dr. Cranfill told Foster that it would not be a good idea for her situation.

Foster filed her Complaint on September 11, 2012.  *See generally* Compl., ECF No. 1 in 4:12-cv-237.  Foster brought claims for personal injury under a variety of theories, including negligence, strict liability design defect, strict liability manufacturing defect, strict liability failure to warn, breach of implied and express warranties, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation.  In her response to Mentor's summary judgment motion, Foster stated that she does not contest summary judgment on her manufacturing defect claim.  Summary judgment is therefore granted as to that claim.  Foster did not respond to Mentor's summary judgment as to her claims for breach of implied and express warranties, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation, so the Court grants summary judgment as to those claims.  *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en

3

banc) ("[G]rounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."). The only remaining question raised by Mentor's partial summary judgment motion is whether Foster's strict liability failure to warn claim survives summary judgment.

## DISCUSSION

Foster filed her action in this Court under the Court's direct filing order. The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004. The parties agree that Arkansas law applies to Foster's claims because Foster was an Arkansas resident when she filed her Complaint and all of her medical treatment relevant to this action occurred in Arkansas.

Under Arkansas law, Mentor had a duty to provide an adequate warning regarding the risks of ObTape to Foster's implanting physician, Dr. Campbell. *See Boehm v. Eli Lilly & Co.*, 747 F.3d 501, 503 n.2 (8th Cir. 2014) (explaining Arkansas's learned intermediary rule). Foster contends that Mentor did not provide an adequate warning because the ObTape product insert data sheet did not say anything about the risk of dyspareunia. It is true that the ObTape product insert data sheet did not warn about the risk of dyspareunia. But that

4

fact, standing alone, is not enough to create a genuine fact dispute on Foster's failure to warn claim. Foster must also establish causation; in other words, she must point to some evidence that a different warning would have altered Dr. Campbell's treatment of her. *See Bushong v. Garman Co.*, 311 Ark. 228, 233-34 (1992) (affirming trial court's finding that the plaintiff's failure to warn claim was precluded because the plaintiff admitted he did not read the product label). Foster did not point to any evidence that Dr. Campbell would have taken a different approach had Mentor provided additional warnings. Foster argues that the Court should presume that Dr. Campbell would have read and heeded adequate warnings in the product insert data sheet. But it is undisputed that Dr. Campbell did not recall reading the ObTape product insert data sheet. It is also undisputed that he did not even specifically select ObTape for Foster. Given this evidence—and the lack of any evidence that Dr. Campbell would have altered his treatment of Foster had the ObTape warnings been different—Foster's failure to warn claim fails. *See id*. (noting that additional warnings would have been futile because the plaintiff did not read the existing warnings).

## CONCLUSION

As discussed above, Mentor's Motion for Partial Summary Judgment (ECF No. 37 in 4:12-cv-237) is granted. Only Foster's

5

negligence and strict liability design defect claims remain pending for trial.  Within seven days of the date of this Order, the parties shall notify the Court whether the parties agree to a *Lexecon* waiver.

IT IS SO ORDERED, this sixteenth day of September, 2015.

                                       s/Clay D. Land
                                       CLAY D. LAND
                                       CHIEF U.S. DISTRICT COURT JUDGE
                                       MIDDLE DISTRICT OF GEORGIA